

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00078-CV

IN THE INTEREST OF B.C., A CHILD

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 81,655-D, Honorable Don R. Emerson, Presiding

June 7, 2013

# ORDER

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

In this appeal, appellant J.G. challenges the trial court's order terminating his parental rights to his child, B.C. The trial court also ordered the parental rights of B.C.'s mother terminated, on her affidavit of relinquishment, and she has not appealed. Before us is a motion filed by appellee, the Texas Department of Family and Protective Services, joined by appellant, entitled, "Joint Motion to Render Judgment Effectuating Agreement of the Parties." The motion states the parties' agreement thusly: "The parties agree that the portion of the judgment below terminating [appellant's] rights to B.C. should be reversed and the matter remanded for a new trial." The prayer asks us to enter a judgment in accordance with the agreement of the parties, ordering that the

portion of the judgment below terminating J.G.'s parental rights to B.C. be reversed and remanded for a new trial, and all other aspects of the order remain undisturbed.

Rule of Appellate Procedure 42.1(a)(2) sets forth the actions an appellate court may take on the agreement of the parties for disposition of the appeal:

(A) render judgment effectuating the parties' agreement;

(B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreements; or

(C) abate the appeal and permit proceedings in the trial court to effectuate the agreement.

Tex. R. App. P. 42.1(a)(2)(A)-(C).

The relief requested here does not come within any of the permissible means for disposition specified by the rule. Without an agreement on the merits of the appeal, the parties seek a disposition requiring a finding of reversible error. We are not authorized "to order a new trial merely on the agreement of the parties absent reversible error . . . ." *See* Notes and Comments, Tex. R. App. P. 42.1; *In the Interest of Z.A.S.,* No. 07-09-0136-CV, 2009 Tex.App. LEXIS 5797 (Tex.App.—Amarillo July 22, 2009, no pet.) (mem. op.); *In re J.A.B.,* No. 08-06-0201-CV, 2007 Tex. App. LEXIS 6312 (Tex.App.—El Paso Aug. 9, 2007, no pet.) (mem. op.) (on appeal of default paternity and support orders, agreed motion of appellee Attorney General to reverse and remand proper since appellee conceded one of appellant's points of error and the court of appeals agreed trial court erred).

For that reason, the motion as presented is denied.

It is so ordered.


Per Curiam